UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>RAYTHEL FISHER, JR.,<br><br>    Respondent. | Case No.   1:19-cv-01486-NONE-JDP<br><br>ORDER FOR ADDITIONAL BRIEFING<br><br>RESPONSE DUE IN 30 DAYS<br><br>ECF No. 10 |

Petitioner Daniel Lopez, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Before us now is respondent's motion to dismiss the petition as untimely. ECF No. 10. Respondent argues that petitioner sought federal habeas relief 32 months after the expiration of the statute of limitations and that petitioner should not be afforded any statutory or equitable tolling.[1] *Id*. Petitioner opposed the motion, arguing that he should be afforded statutory and equitable tolling. ECF No. 15. Petitioner specifically argues

---

[1] We agree that petitioner is not entitled to statutory tolling. Petitioner did not directly appeal his conviction and sought collateral review in the state courts more than three years after his conviction became final. ECF No. 10 at 2. Accordingly, petitioner failed to file his federal petition within AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner argues that the announcement of a new rule by the California Supreme Court renders his petition timely. *See* ECF No. 15 at 2. However, only a right has that has "been newly recognized by the [U.S.] Supreme Court and made retroactively applicable to cases on collateral review" will serve to delay the date on which AEDPA's one-year clock begins to run. *See* 28 U.S.C. § 2244(d)(1)(C).

1

1  that he should be granted equitable tolling because his mental and cognitive disabilities prevented
2  him from timely filing.  *Id*. at 2.  In his reply, respondent argues that any disabilities petitioner
3  may have had during the relevant time period were not so severe as to prevent him from timely
4  seeking federal habeas relief.  ECF No. 18.  In support, respondent has lodged certain of
5  petitioner's prison medical records.  ECF No. 19.  Because the inquiry into mental health for
6  purposes of equitable tolling is highly fact-dependent, we decline to rule on the motion to dismiss
7  at this point and will order additional briefing.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th
8  Cir. 2003).

**Discussion**

As a preliminary matter, respondent has not identified the standard of review applicable to his motion to dismiss.  Although no habeas rule explicitly applies to motions to dismiss, *see Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982), Rule 4 of the Rules Governing Section 2254 Cases has been applied to motions to dismiss asserting untimeliness, *see, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017).  Under Rule 4, the court evaluates whether it "plainly appears" that the petitioner is not entitled to relief—and if so we dismiss the petition.  However, Rule 4 limits our consideration to "the petition and any attached exhibits"—somewhat like the limitation to the pleadings that would apply to a motion to dismiss for untimeliness outside the habeas context under Federal Rule of Civil Procedure 12(b)(6) or 12(c).

Here, respondent has submitted petitioner's medical records for our consideration.  Respondent thus seems to be suggesting that the court should consider matters outside the pleadings—a request that is in tension with the text of Rule 4.  It might be appropriate for the court to treat the motion to dismiss as a motion for summary judgment, analyzed under Federal Rule of Civil Procedure 56.[2]  In considering this issue, however, the court would benefit from the

---

[2] *Cf.* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  The court can apply the Federal Rules of Civil Procedure to habeas cases, provided that they are not inconsistent with the habeas rules.  *See* R. Governing Section 2254 Cases 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding

assistance of counsel. Accordingly, we will direct respondent to provide additional briefing on the appropriate standard of review to be applied here. If we are convinced to convert the motion to dismiss to a motion for summary judgment, we will provide notice of our intention and an opportunity for appropriate briefing. *See Hillery*, 533 F. Supp. at 1194 ("[W]hen a motion to dismiss is authorized subsequent to expansion of the record, it should be resolved by application of the standards applicable to motions under [Federal Rule of Civil Procedure] 56.").

Moreover, we advise petitioner in advance that equitable tolling will only be granted if he can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the "heavy burden" of showing that he is entitled to equitable tolling. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). In a claim for equitable tolling based on mental illness, petitioner must show "a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010).

**Order**

Within 30 days of the date of service of this order, respondent must respond with additional briefing on the appropriate standard of review for his motion to dismiss. ECF No. 10. Upon receipt of that briefing, we will order additional briefing from each party regarding equitable tolling, applying the appropriate standard of review.

---

under these rules.").

IT IS SO ORDERED.

Dated: __August 3, 2020__          _____
                                    UNITED STATES MAGISTRATE JUDGE

No. 206.